IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14–CR-30127-NJR |
| | ) |
| ELPENIKE EDDY-ALDAVA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On February 4, 2016, Defendant Elpenike Eddy-Aldava was sentenced to a one year and one day term of imprisonment, a two year term of supervised release, restitution in the amount of $647,015.00, and a $100.00 special assessment (Doc. 75). On March 15, 2018, Eddy-Aldava, through counsel Stephen Welby, filed a motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1) (Doc. 87).

Eddy-Aldava notes in the motion that, after her incarceration, she was released to live with her daughter outside of Chicago while her husband worked on oil pipelines in West Virginia (Doc. 87, p. 1). Because her husband has now accepted a position with a pipeline company in Ohio and will be able to have a permanent residence in that state, Eddy-Aldava would like to move in with her husband (*Id.*). Eddy-Aldava also hopes to be able to travel between Ohio and Las Vegas to help care for her sister with Alzheimer's disease (Doc. 87, p. 2). Eddy-Aldava has paid her special assessment and uses her Social

Security checks to make her monthly $50 restitution payments (*Id.*). She has also fully complied with all other conditions while on supervised release (*Id.*).

Upon consideration of numerous factors set forth in 18 U.S.C. § 3553, the Court may:

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). A district court has wide discretion in making this determination. *See United States v. Hook*, 471 F.3d 766, 711 (7th Cir. 2006). Federal Rule of Criminal Procedure 32.1 states that the Court must hold a hearing before modifying the conditions of supervised release unless:

> (A) the person waives the hearing; or
>
> (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and
>
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

FED. R. CRIM. P. 32.1(c)(1). In this case, the relief sought is favorable to Eddy-Aldava, and the Government does not object. The motion represents that neither the United States Probation Office nor the United States Attorney's Office opposes early termination of Eddy-Aldava's supervised release (Doc. 87, p. 2).

Pursuant to 18 U.S.C. § 3583(e)(1), the Court finds that Eddy-Aldava has completed more than one year of supervised release. The Court is likewise satisfied that

early termination of the remainder of Eddy-Aldava's supervised release is warranted by her conduct and finds that early termination is in the interest of justice.

Thus, having considered the factors set forth in 18 U.S.C. § 3553, the Court **GRANTS** the motion (Doc. 87) and **ORDERS** that the supervised release of Defendant Elpenike Eddy-Aldava is **TERMINATED**, effective immediately.

**IT IS SO ORDERED.**

**DATED:** March 16, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**